**Teodoso ORTIZ, Petitioner–Appellant,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent–Appellee.**

**No. 05–73416.**

United States Court of Appeals, Ninth Circuit.

Submitted April 19, 2007.*

Filed May 7, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Bruno J. Bembi, Esq., Hempstead, NY, for Petitioner–Appellant.

CAS–District Counsel, Office of the District Counsel, Department of Homeland Security, Melanie Shender, Esq., Office of the U.S. Attorney, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent–Appellee.

Before: FARRIS and GOULD, Circuit Judges, and DUFFY ** , Senior Judge.

### MEMORANDUM ***

Teodoso Ortiz ("Petitioner") petitions for review of the final order of the Board of Immigration Appeals (the "Board") affirming Immigration Judge Robert J. Barrett's order denying his motion to reopen his deportation proceedings for relief under the Nicaraguan Adjustment and Central American Relief Act of 1997 ("NACARA"). Judge Barrett found that Petitioner's deportation order, which had been issued in absentia when he failed to attend his deportation hearing in 1994, was proper because Petitioner had actual notice of the hearing and had been advised—both orally and in writing—of the hearing's location, date, and time. Petitioner did not put forth any justification amounting to "exceptional circumstances" to explain his absence at the hearing. Furthermore, the application to reopen was untimely as it was filed more than eight years after he was ordered deported and four years after the statutory deadline for seeking relief under the NACARA, the alleged basis for relief. Because we find Petitioner's claims to be wholly without merit, the petition is denied. Judge Barrett discussed the facts in his decision dated November 14, 2002, and therefore we do not restate them here.

Motions to reopen deportation proceedings are reviewed for an abuse of discretion, and are strongly disfavored. *See I.N.S. v. Doherty,* 502 U.S. 314, 315, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992); *I.N.S. v. Abudu,* 485 U.S. 94, 96, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

According to the statute in effect at the time of Petitioner's deportation proceedings, an alien will only have an in absentia deportation order rescinded in order to reopen deportation proceedings upon a showing of "exceptional circumstances." Former section 242B(c)(3)(A) of the Immigration and Nationality Act ("INA") provided that, in the case of an alien who seeks to reopen his case to seek relief, the rescission of a deportation order may only be effected "upon a motion to reopen filed within 180 days after the date of the order of deportation if the alien demonstrates that the failure to appear was because of exceptional circumstances (as defined by subsection (f)(2))." [1]

■ Petitioner argues that he need only show "reasonable cause" for failing to attend his deportation proceedings, as this was the law as it existed when he was issued an order to show cause in an unrelated deportation proceeding in 1990. Petitioner's interpretation of the law is incorrect. The law governing his deportation proceedings is that which was in effect when he was issued the Order to Show Cause (the "OSC") in December of 1993 following his illegal reentry. *See, e.g., Kalaw v. I.N.S.,* 133 F.3d 1147, 1150–51 (9th Cir.1997). Although Petitioner was also issued an order to show cause in 1990, these proceedings were terminated in 1991

---

** The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The INA defined "exceptional circumstances" as "exceptional circumstances (such as serious illness of the alien or death of an immediate relative of the alien, but not including less compelling circumstances) beyond the control of the alien." INA § 242B(f)(2), 8 U.S.C. § 1252B(f)(2) (repealed 1996).

and did not result in any order of removal over which this court has jurisdiction.

■ Petitioner argues that the OSC did not contain sufficient information to apprise him of the consequences of failing to attend his deportation hearing. The OSC stated, in relevant part, that:

> You are required to be present at your deportation hearing prepared to proceed. If you fail to appear at any hearing after having been given written notice of the date, time and location of your hearing, you will be ordered deported in your absence, if it is established you are deportable and you have been provided the appropriate notice of the hearing.

It is hard to imagine language that would more clearly advise Petitioner of his obligations and the consequences of his failure to adhere to them.

Petitioner further alleges that he was told that it would be difficult or impossible to get information about his case because he lost his INS papers. Even if this is true, it is clear the Petitioner made little or no effort to ascertain the hearing's date and time. The excuses proffered by Petitioner simply do not amount to "exceptional circumstances."

■ In addition to Petitioner's claims being without merit, his motion to reopen was also untimely. A party must file a motion to reopen an in absentia deportation order either within 180 days after the date of the order if his failure to appear was due to exceptional circumstances; or any time if the alien demonstrates that he did not receive notice or was in federal or state custody. *See* 8 C.F.R. § 1003.23(b)(4)(iii)(A). It is clear that Petitioner received proper notice of his hearing, and therefore should have filed an appeal within 180 days of Judge Barrett's order assuming that he could have estab-

lished "exceptional circumstances." Petitioner waited eight years from the time of Judge Barrett's initial order until he moved to reopen his deportation proceedings in 2002.

Because reopening his deportation proceedings is a necessary prerequisite for an application pursuant to the NACARA, Petitioner is not eligible for any relief. Furthermore, an alien may only file one motion to reopen for NACARA benefits, and that motion was required to be filed no later than September 11, 1998. *See* 8 C.F.R. § 1003.43(e)(1). Petitioner filed his motion to reopen for NACARA relief on October 10, 2002, well after the statutory deadline. There is no exception to the filing deadline for aliens married to NACARA-eligible spouses who were approved after the September 11, 1998 cut-off. It is clear that he was time barred from seeking relief pursuant to the NACARA.

Even after Petitioner was ordered deported, he continued to live in the United States illegally for eight years before he filed his untimely motion to reopen. We find that neither Judge Barrett nor the Board abused their discretion by denying Petitioner's motion to reopen his deportation proceedings. The petition is DENIED.